IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STATE OF FLORIDA DEPARTMENT
OF AGRICULTURE & CONSUMER
SERVICES,

    Plaintiff,

vs.                                             CASE NO. 4:09-cv-386/RS-MD

UNITED STATES OF AMERICA

    Defendant.
_____/

## ORDER

Before me are Plaintiff's Motion for Summary Judgment (Doc. 38), Defendant's Response and Cross Motion for Dismissal (Doc. 40), Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment (Doc. 48), and Plaintiff's Reply (Doc. 51).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether

the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

On March 2, 2004, Defendant's employees, working for the United States Department of Agriculture Forest Service, ignited a controlled burn in Osceola National Forest. On March 7, 2004, the controlled burn was declared an "escaped burn" (Doc. 1, p. 3; Doc. 16, p. 2).

Plaintiff is the owner of a leasehold interest in 4,239 acres of nearby land and a revenue interest in the timber situated upon the land. Plaintiff suffered injury to its property at or near the time of March 7, 2004 resulting from fire damage. Plaintiff seeks to recover under the Federal Tort Claims Act for negligent actions of the Defendant resulting in damage to Plaintiff's property (Doc. 1; Doc. 16).

## Analysis

### A. FTCA and Discretionary Function

The doctrine of sovereign immunity precludes the US government and its agencies from being sued without the government's consent. *Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 397 (11th Cir. 2007). Consent to be sued is a prerequisite for jurisdiction and, therefore, must be established before a court can act on the merits of a case. *Trimble v. United States Soc. Sec.*, 2010 U.S. App. LEXIS 4811, at *8 (11th Cir. 2010).

The Federal Tort Claims Act (FTCA), 28 U.S.C. §1346 (b) and 28 U.S.C. §§2671-2680, has waived sovereign immunity in certain circumstances. *Trupei v. United States*, 304 Fed. Appx. 776, 782 (11th Cir. 2008). The FTCA provides that the United States may be sued "for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346 (b) (1). However, an exception to the waiver of sovereign immunity lies in 28 U.S.C. § 2680 (a), which provides that the waiver in § 1346 (b) does not apply to:

> any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

The test to determine whether a federal employee was exercising a "discretionary function" that would invoke sovereign immunity is a two-step inquiry. First, the court

determines whether the conduct involves an element of judgment or choice, which will be the case unless a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard. The conduct need not be confined to the policy or planning level. *Cranford v. United States*, 466 F.3d 955, 958 (11th Cir. 2006) (*citing United States v. Gaubert*, 499 U.S. 315, 322 (1991)) (alterations, citations, and quotation marks omitted).

Second, the court determines whether the judgment or choice is grounded in considerations of public policy, because the purpose of the discretionary function exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. The court's inquiry does not focus either on the subjective intent of the government agent, or on whether the agent actually weighed policy considerations, but on the nature of the actions taken and on whether they are susceptible to policy analysis. *Id.*

Defendant points to several decisions in the Ninth Circuit purporting to be persuasive that the injury causing event in this case falls within the discretionary function exception. (Doc. 40, p. 10, n.4). While not binding on this court, Defendant nevertheless misreads those cases by failing to adequately take into account the nature of the fire in this case.

Definitions are essential to understanding the distinction. A prescribed fire is "a wildland fire burning under preplanned, specified conditions, to accomplish specific, planned resource management objectives." FSM 2320.5 (18). Prescribed fires come in two forms which may be approved for use within the wilderness: "those ignited by lightning and allowed to burn under prescribed conditions (natural prescribed fire) and those ignited by qualified Forest Service officers (management ignited prescribed fire)." FSM 2324.22. Wildfire is "any wildland fire not designated and managed as a prescribed fire." FSM 2320.5 (17).

Defendant's citation of authority generally deals with Forest Service decisions regarding "fire suppression" of wildfires. *See Backfire 2000 v. US*, 273 F. Appx. 661, 662 (9th. Cir. 2008) (Forest Service decision to light backfires to fight an existing wildfire); *Miller v. United States*, 163 F.3d 591, 597 (9th Cir. 1998) (Forest Service's decision to allocate resources in fighting lightning-induced fires); *Graves v. US*, 2007 WL 776101 (E.D. Ca. 2007) (decision to set a backfire to fight an existing wildfire); *Pope & Talbot, Inc. v. Department of Agriculture*, 782 F. Supp. 1460, 1461 (D. Or. 1991) (decision of the Forest Service to allow access to lands where possible human caused fire resulted); *Parsons v. United States*, 811 F. Supp. 1411, 1412 (E.D. Cal. 1992) (Forest Service decisions relating to lightning-caused fires); Defrees v. United States, 738 F. Supp. 380, 381 (D. Or. 1990) (Forest Service decisions relating to fires started by thunderstorms). Fire suppression, itself, is not at issue here. Rather, the dispute involves management ignited prescribed fires for which neither party has cited binding authority directly on point.

The case most similar to the facts at hand is *Anderson v. United States*, 55 F.3d 1379 (9th Cir. 1995), in which damages to private property resulted from a controlled burn that escaped from a national forest.  The Forest Service and the California Department of Forestry set fires intended to burn 500 acres of government land which became uncontrollable and eventually charred a residential neighborhood.  Although not discussing the discretionary function exception, the Circuit Court found that the United States government could be held liable under the FTCA for negligence under California law.  *Id*. at 1384.  While more persuasive than the cases Defendant cites, *Anderson* does not end the inquiry.  Absent controlling authority, the *Gaubert* two-step analysis must be conducted.

First, is there an element of judgment or choice?  Every Forest Service employee has the responsibility to support and participate in wild fire prevention.  FSM 5110.4.  Regional Foresters and Area Directors establish region-wide guidelines for wild fire prevention.  Forest Supervisors develop and approve wildfire prevention plans as a component of the Forest Fire Management Action Plan and District Ranges implement the plans.  FSM 5110.4.

Part of wildfire prevention includes fuel management.  FSM 5150.  Regional Foresters have the responsibility to ensure integration of fuel management into forest planning.  Planning takes into account economic criteria, FSM 5150.42, and has a preference for utilization of unwanted fuel through harvest techniques, rearrangement of fuel that allows more rapid deterioration, and removal of unwanted fuel to an offsite location.  FSM 5151.1.  Fourth on the priority list for treatment of fuel is disposal, which

can be accomplished by a variety of means including prescribed fire treatments. FSM 5151.1.

A Prescribed Fire Burn Plan must be prepared, meet certain requirements, and be approved prior to prescribed fire ignition. FSM 5140.31(2). The Plan's detail "must be commensurate with the project complexity." FSM 5142.2. Approval of the Plan "constitutes firm limits on the prescription to be applied and the objectives to be achieved." FSM 5140.31(8). Defendant has admitted to not creating a sufficient Burn Plan (Doc. 29, Exhbt. 1, p. 2; Doc. 1, Exhbt. 3, p. 8; Doc. 25; Doc. 36). Defendant has also admitted to acting contrary to the Burn Plan by using aerial ignition and failing to complete an aerial ignition operation hazard analysis as required by FSM 5142.2. (Doc. 29, Exhbt. 1, p. 2; Doc. 25; Doc. 36).

Without deciding the applicability of the discretionary function exception to liability under the FTCA for management ignited prescribed fires in general, Defendant's admissions demonstrate a clear disobedience to mandates that are not discretionary. While Defendant may have had discretion as to the analysis conducted within the Burn Plan, Defendant had no judgment or choice whether to complete a Plan and then follow it once approved.

As to the second prong of the *Gaubert* test, the judgments made by Forest Service officials within the Burn Plan itself may reflect public policy decisions for which Defendant would be entitled to freedom from judicial review. However, a failure to adequately perform the Plan, followed by significant deviation from the Plan, receives no such deference. *Cf. Thune v. United States,* 872 F. Supp. 921, 922-924 (D. Wyo. 1995)

(Where burn plan had been "developed" and an employee of Forest Service acted "in accordance with the burn plan").

### B. Judgment as a Matter of Law

To recover under the FTCA, Plaintiff must establish that Defendant was negligent under Florida law. This requires proof of (1) a duty requiring conformance to a certain standard of conduct; (2) a breach of the duty by a failure to conform to the standard of care required; (3) a reasonably close causal connection between the conduct and the injury; and (4) damages. *United States v. Stevens*, 994 So. 2d 1062, 1066 (Fla. 2008).

Here, the parties dispute whether there was a breach of the standard of care and whether such a breach caused the damage that Plaintiff suffered. Plaintiff lists a series of actions or omissions by Defendant that Plaintiff claims "constitute a breach of the duty of care" (Doc. 38, p. 3). In addition, Plaintiff alleges that the Escaped Fire Review (Doc. 1, Exhib. 3), a comprehensive analysis of the events surrounding the fire in question, is clear evidence of negligence. Even if admitted by Defendant, the list and the Review do not, as a matter of law, establish a breach especially in light of the FTCA's purpose of subjecting the government to the same liability as a "private person." *See* 28 U.S.C. 1346 (b)(1). The alleged inadequacies generally speak to Forest Service regulations and are not sufficiently related to actions of private individuals to alone constitute a breach. *See Doe v. United States*, 718 F.2d 1039, 1041 (11th Cir. Fla. 1983) (*citing Tringali Bros. v. United States*, 630 F.2d 1089 (5th Cir.1980) (holding violation of internal regulations not negligence per se). Rather, this determination must be made in reference to whether

Defendant "failed to manage and attend [the fire] with reasonable prudence and ordinary care appropriate to the circumstances." *Cobb v. Twitchell*, 108 So. 186 (Fla. 1926). (Doc.48, p.2).

## Conclusion

**IT IS ORDERED:**

1. Defendant's Cross Motion for Dismissal (Doc. 40) is **DENIED** because Defendant is not entitled to sovereign immunity.

2. Plaintiff's Motion for Summary Judgment (Doc. 38) is **DENIED.**

**ORDERED** on August 30, 2010

                                              /S/ Richard Smoak
                                              **RICHARD SMOAK**
                                              **UNITED STATES DISTRICT JUDGE**